### 19596

John R. WELLS, Jr., as Greenville County Zoning Administrator (formerly J. Coleman Shouse), Respondent, v. Wayne B. FINLEY, Appellant.

(195 S. E. (2d) 623)

*Messrs. Mosley & Robertson,* of Greenville, *for Appellant,*

*Messrs. Gaddy & Davenport,* of Greenville, *for Respondent,*

March 26, 1973.

Moss, Chief Justice:

Greenville County Council, pursuant to the statutory authority contained in Sections 14-350.16 *et seq.*, of the Code, adopted a Zoning Ordinance, effective May 19, 1970, for the purpose of promoting the public health, safety, and welfare of the community. The ordinance so adopted provided, *inter alia, the following:*

"Section 7:5. Livestock in Residential Districts—Ponies and horses may be kept in the R-20 and R-15 districts subject to the district regulations and the following conditions. All types of livestock may be kept in the R-S Residential District.

Section 7:5.1. Site—The minimum lot area upon which livestock may be kept in the R-15 and R-20 districts is one and one-half (1½) acres. Not more than one head of livestock shall be permitted for each one-half (½) acre of lot area, except in the R-S District."

Wayne B. Finley, the appellant herein, owns a lot of land containing less than one and one-half acres located on Brushy Creek Road in Greenville County, and such was subject to the above stated Zoning Ordinance. Upon the effective date of said ordinance, the appellant had one pony upon the premises. After the effective date he placed two additional ponies upon the property. The Zoning Administrator issued

his order directing the appellant to remove the two additional ponies from the said lot because such was in violation of the above quoted ordinance and was an enlargement of a nonconforming use.

Greenville County Council, pursuant to Section 14-350.19 of the Code, created a Board of Zoning Appeals and such appears in the Zoning Ordinance as Section 9:1 providing that appeals to this board can be taken by any person aggrieved by any order made by an administrative official in the enforcement of the Zoning Ordinance.

The appellant, in compliance with this procedure, applied to the County Board of Zoning Appeals seeking relief from the order of the Zoning Administrator which required him to remove the ponies from his lot.

After having heard the application of the appellant, the Greenville County Board of Zoning Appeals, on December 2, 1970, rendered the following decision:

"Having considered the application, the board is of the opinion that the placing of the two ponies on the Finley property after the effective date of the zoning ordinance was, indeed, an enlargement of a nonconforming use and violated Section 7:5 of the county zoning ordinance. Consequently, it is the decision of the board that relief sought from the Zoning Administrator's order be denied."

It is provided in Section 9 :7 of the Zoning Ordinance that every decision of the Board of Zoning Appeals shall be subject to review by a Court of Record in the manner provided by the law of the State of South Carolina. This right of appeal is provided for in Section 14-350.20 of the Code. It is undisputed that the appellant did not appeal to the Circuit Court from the decision of the County Board of Zoning Appeals. The findings of fact by the County Board of Zoning Appeals that the appellant had violated the Zoning Ordinance were final and conclusive.

The appellant having failed to comply with the decision and order of the Zoning Board of Appeals, John R. Wells,

Jr., as Greenville County Zoning Administrator, the respondent herein, instituted this action on April 21, 1971, seeking an injunction to require the appellant to comply with the said order by removing the two ponies from his premises. The remedy by way of injunction is authorized by Article 13 of the Zoning Ordinance and Section 14-350.25 of the Code.

The appellant, by his answer, challenges the constitutionality of the Zoning Ordinance and regulations.

This case came on for trial before the Honorable William L. Rhodes, Jr., without a jury, at the 1972 February term of the Court of Common Pleas of Greenville County. At the hearing the respondent testified that the appellant had refused to comply with the order of the Zoning Administrator with respect to the removal of the two ponies from his property. There was offered in evidence, the order, along with the minutes of the County Board of Zoning Appeals, affirming said order.

The appellant presented testimony bearing on the constitutional issues raised by his answer. Thereafter, on February 26, 1972, the trial judge issued his Decree holding that the Zoning Ordinance and regulations were constitutional. He further held that the respondent was entitled to an injunction requiring the appellant to remove the two ponies from his residential lot located on Brushy Creek Road in compliance with the decision of the Greenville County Board of Zoning Appeals. This appeal followed.

The appellant, by his first two general and vague exceptions, attempts to charge error on the part of the trial judge in refusing to allow a hearing on the constitutional questions raised by his answer. The trial judge ruled that the factual findings by the Board of Zoning Appeals that the appellant had violated the Zoning Ordinance were final and conclusive, and such ruling was in compliance with Section 14-350.23 of the Code. The record reveals that the trial judge received and heard all testimony tendered by the appellant concerning the constitutional ques-

tions raised in his answer. The ruling thereabout was as follows:

"All we are trying here now is the constitutional question. I'll take such testimony as has any bearing on the constitutional issue you raised. . . . "

The trial judge found, under the evidence and in the light of the provisions of the Ordinance, that there was no violation of any constitutional rights of the appellant. We quote from his Decree, the following:

"With respect to the Defendant's contention that the zoning regulations are unconstitutional, the United States Supreme Court in *Euclid v. Ambler Realty Company*, 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303 (1926), has held that such laws are a valid exercise of the police powers. The Defendant has cited no basis of how the zoning regulations of Greenville County have been applied unfairly to him or any grounds of denial of equal protection of the laws. Accordingly, I hold that the Answer creates no valid defense."

In the light of the facts revealed by this record, it is our conclusion that the Ordinance in question is constitutional and the trial judge, after a full hearing, was correct in so holding.

The third exception of the appellant charges error on the part of the Court in denying him a hearing on the issues joined by the defenses 3, 4, 5, 6, 7, and 8, set forth in his answer. In the first two execeptions, the appellant charged the Court with error "in not allowing a hearing on all the defenses plead." It is apparent that the error charged in the third exception is a repetition of the errors alleged in exceptions one and two and is violative of Rule 4, Section 6 of the rules of this Court. For the reason stated, the third exception will not be considered.

We conclude that the exceptions of the appellant are without merit and the judgment of the lower Court is,

298

Affirmed.

Lewis, Bussey, Brailsford and Littlejohn, JJ., concur.